CLEVELAND WOOLEN MILLS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6029.   Promulgated September 12, 1927.

1. Merchandise shipped on approval or with knowledge that it was not in accordance with contract, should not be included in gross sales before acceptance by the consignee, but remains a part of the petitioner's inventory.

2. The amount of an allowance made in 1919 because of a falling market, on merchandise shipped in 1918, is not an allowable deduction from gross income of 1918.

*Herbert D. Cohen, Esq.*, for the petitioner.
*T. M. Wilkins, Esq.*, for the respondent.

This proceeding is for the redetermination of a deficiency in income and profits taxes for the year 1918 in the amount of $13,483.70. The deficiency letter asserts deficiencies and determines overassessment for the years 1910 to 1920, inclusive, and the petition alleges that the taxes for all of those years are in controversy. However, the only errors assigned relate to the year 1918.

### FINDINGS OF FACT.

The petitioner is a corporation organized under the laws of the State of Tennessee, with its principal office and place of business at Cleveland, Tenn. It is, and was during the year 1918, engaged in manufacturing woolens and men's clothing, and in selling men's clothing to the retail trade and cloth to other clothing manufacturers.

In the year 1918 the petitioner had certain contracts for the sale of woolens and clothing but on account of labor and other difficulties it was unable to make deliveries in accordance with the contracts. In the year 1918 the petitioner also sold, subject to approval, clothing ordered from stock. Certain shipments of clothing sold subject to approval were made in the latter part of 1918, but were not accepted by the customers and were returned to the petitioner early in the year 1919. Certain shipments of merchandise were also made by the petitioner in the latter part of the year 1918 which were known by it to be defective or otherwise not in accordance with the orders given therefor, and were not accepted by the customers to whom they were shipped but were returned to the petitioner early in the year 1919.

In December, 1918, the petitioner shipped certain woolen cloth to Donnerstag & Co. of Chicago. Upon receipt of the cloth Donnerstag & Co. informed the petitioner that on account of falling markets it could not handle the goods unless the price were reduced. After considerable correspondence and negotiations the petitioner, in February, 1919, made Donnerstag & Co. an allowance of $1,181.19 on the goods so shipped.

The petitioner entered upon its books of account, as sales in the year 1918, the amount of all shipments made by it as hereinbefore set forth, regardless of whether the sales were consummated or allowances required to be made. Upon the return of such merchandise the petitioner set up on its books of account a reserve for the year 1918

to cover the amount of such returns of merchandise and the adjustment made with Donnerstag & Co. The difference between the amounts entered on the books as sales on account of goods shipped and returned, and the inventory values thereof was $2,692.41.

The petitioner in its income-and-profits-tax return for the year 1918, included in gross sales for that year the amount of the goods shipped and returned or adjusted as hereinbefore set forth, and deducted from gross income the amount of the reserve set up to cover such returns and adjustments. The respondent disallowed the deduction.

### OPINION.

MARQUETTE: The petitioner contends that the goods shipped in the year 1918 and returned as set forth in the findings of fact, should be included in its closing inventory for 1918; that the amounts credited to sales on account of these goods should be eliminated therefrom and that its income for the year 1918, as determined by the respondent, should be reduced by the difference between the amount so charged to sales and the inventory value of the goods returned, and also by the amount of the allowance made to Donnerstag & Co.

We agree with the contention of the petitioner as to the goods shipped and returned. The shipments of goods were made with knowledge that they were not in accordance with the contracts, or on approval; and the customers were under no obligations to accept and did not accept them. The goods, therefore, remained the property of the petitioner and when they were returned the effect was as if the shipments had not been made, regardless of the fact that they had been entered on the petitioner's books as sales. Mere bookkeeping entries can not make sales from transactions which were in fact not sales, or income from something which is in fact not income. The goods returned to the petitioner belonged to it on December 31, 1918; were a part of its stock, and should have been included in its inventory as of that date, and the alleged sales price should have been eliminated from the sales account. The result is that the petitioner's net income for the year 1918, as determined by the respondent, is overstated by the difference between the amounts included in sales on account of the goods in question and their inventory value, which difference we find to be $2,692.41, and it should therefore be reduced by that amount.

With respect to the allowance made by the petitioner to Donnerstag & Co., we can not agree that it was a proper deduction from gross income for the year 1918. There is nothing in the record to show that the shipments made to that company were not made in accordance with the sales contracts, or that they were on approval. On

the other hand it appears that on account of a falling market Donnerstag & Co. breached, or threatened to breach their contract, and that in 1919, after correspondence and negotiations, the petitioner adjusted the controversy by making Donnerstag & Co. an allowance of $1,181.19. In other words, the petitioner compromised what appears to have been, so far as the record discloses, a valid and subsisting claim against Donnerstag & Co., and accepted in full settlement of the claim an amount less than the face value thereof. The amount in question may be a proper deduction in computing the petitioner's net income for 1919, but is not a proper deduction for the year 1918. *Appeal of Manville Jenckes Co.*, 4 B. T. A. 765.

*Judgment will be entered on 15 days' notice, under Rule 50.*

Considered by Phillips, Van Fossan, and Milliken.